IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NUMBER:  10-cv-01452-WJM-KLM

RAY E. SAMPLE,

    Plaintiff,

v.

CITY OF SHERIDAN, a municipality,
ARTHUR J. KRIEGER, City Manager, individually and in his official capacity.

    Defendants.

---

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO STRIKE AND
REQUEST FOR EXTENSION OF TIME

---

Plaintiff, through counsel, hereby replies to *Defendants' Response to Plaintiff's Motion to Strike and Request for Extension of Time* as follows:

## EXTENSION OF TIME

Plaintiff did not confer as required by D.C.COLO.L.Civ.R. 7.1A as the Motion to Strike was in response to Defendants' Motions filed pursuant to Fed.R.Civ.P. 12 and 56, which specifically excludes the duty to confer. The undersigned interpreted the rule to also exclude any pleading filed in relation to motions filed under Rules 12 or 56. Defendants have advised the Court that they have no objection to Plaintiff's request for extension of time pending this Court's ruling on Plaintiff's Motion to Strike  Therefore, Plaintiff renews his request for an extension of time. Plaintiff has requested that this Court permit Plaintiff to file his responsive briefs to Defendants' Rule 12 and 56 Motions within twenty-one (21) days, if the Court declines to strike Defendants' Motions.

## MOTION TO STRIKE

Plaintiff has requested that this Court strike Defendants' Motions filed under Rules 12 and 56 as a sanction for their disclosure of a document that was filed under Fed.R.Evid.Rule 408.  At issue is the undersigned's March 11, 2009 letter in which the Mayor and counsel for Defendant City were advised that Plaintiff was concerned about possible financial improprieties on the part of the City Manager as well as concerns about the City Manager's possible discriminatory conduct towards Plaintiff under the Age Discrimination in Employment Act.  In that same letter, Plaintiff offers to resolve his claims against the Defendants in exchange for monetary considerations (specific dollar amount is included), as well as for other non-monetary considerations.  As stated in his Motion to Strike, Plaintiff realizes that this letter put the Defendants on notice of Plaintiff's possible claims and is essential to the case, however, there were other ways to place the contents of this letter into evidence, other than disclosing the confidential settlement negotiations.  Plaintiff intends to file a *Motion in Limine* prior to a trial in this matter concerning the contents of the letter.  Defendants could have simply advised the Court that they were on notice as of March 11, 2009 concerning some of Plaintiff's claims or redacted the settlement negotiation part of the letter, but they elected not to do so.  By failing to do so, they have violated Fed.R.Evid.Rule 408.

## FEDERAL RULE OF EVIDENCE RULE 408 PROHIBITS THE ADMISSION OF EXHIBIT I

Plaintiff disagrees that the 2006 Amendments permitted the admission of offers to compromise in a case such as this.  Fed.R.Evid.Rule 408 (a)(1) states that a prohibited use of offers to compromise is when there has been an offer to accept a valuable

consideration to compromise potential claims.  Plaintiff agrees that examples of permissible use include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation, however, none of those exceptions apply in the case at bar.  Defendants state the annotations to Rule 408 indicate that the Rule is "inapplicable when evidence of the compromise is offered to prove notice."  However, Defendants' interpretation of the annotation is incorrect.  The annotation actually discusses the "notice" issue as being one that a Defendant in "on notice" of a Defendant's prior conduct because of the settlement of prior claims.  The admission of the prior settlements is what is admissible, not offers to compromise a current claim against a Defendant.  The *Notes of Advisory Committee on 2006 amendments* actually states:

> "The amendment does not affect the case law providing that Rule 408 is inapplicable when evidence of the compromise is offered to prove notice. *See, e.g., United States v. Austin*, 54 F.3d 394 (7th Cir. 1995) (no error to admit evidence that the defendant was on notice that subsequent similar conduct was wrongful); *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987) (in a civil rights action alleging that an officer used excessive force, a prior settlement by the City of another brutality claim was properly admitted to prove that the City was on notice of aggressive behavior by police officers.)"
>
> …
>
> The protections of Rule 408 cannot be waived unilaterally because the Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury.  Moreover, proof of statements and offers made in settlement would have to be made through the testimony of attorneys, leading to the risks and costs of disqualification.  *See generally Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 828 (2d Cir. 1992)….

See §8 of the Interpretive Notes and Decisions to Rule 408, *Jones v. Cargill, Inc.*, 490 F.Supp. 2d 989 (2007, ND Iowa), "[e]mployee's motion in limine requesting exclusion of

- 3 -

any evidence of conduct or statements made in settlement negotiations was granted because Fed.R.Evid. 408 protected such evidence from admission." See §51 of the Interpretive Notes and Decisions to Rule 408, *Colson v. Avnet, Inc.*, 687 F.Supp. 2d 914, 15 BNA WH Cas 2d 1739 (D.C. Ariz. 2010), "[e]mployer's response to former employee's demand letter in FLSA action was clearly barred under Fed.R.Evid. 408, which forbade use of statements made during course of settlement to prove liability for disputed claim."

Defendants assert the Plaintiff's statement in his Motion to Strike the Plaintiff provided his first notice to Defendant City on March 9, 2009 is incorrect. Plaintiff acknowledges that the sentence was not Pulitzer Prize caliber, however, what Plaintiff intended to relate was that Plaintiff advised the Mayor, in his memorandum dated March 9, 2009 of his concerns of possible fiscal improprieties on the part of the City Manager. Plaintiff's counsel followed that memorandum with the March 11, 2009 letter in which the Mayor and counsel for Defendant City were advised of Plaintiff's initial concerns and additional concerns of discriminatory conduct on the part of the City Manager. Plaintiff is only concerned with the contents of the March 11, 2009 letter being used as an exhibit to Defendants' Motions. In any event, this argument by Defendants obfuscates the actual issue at bar. Defendants' statement that the exhibit is "specifically allowed under Rule 408" is erroneous as indicated by the above citations to Rule 408.

### **PLAINTIFF DID NOT WAIVE ANY RIGHT TO CLAIM CONFIDENTIALITY**

Plaintiff agrees that during the investigation and appeals process, which Plaintiff was led to believe was confidential, Plaintiff did not object to the use of the letter.

However, at no time, did Plaintiff agree to make the contents of the settlement negotiation part of this letter be made public, which has now been done. Plaintiff's original intention was for the letter to be viewed and discussed by the Mayor and counsel for Defendant City. Plaintiff acknowledges that during the investigative and appeals process the document became part of the "private" record in this matter and Plaintiff had no objection to its use in these confidential proceedings. To prove further that Plaintiff had no intention of waiving confidentiality, Plaintiff insisted that the hearings in this matter be "closed." As to Defendants' statement that confidentiality was waived because it was part of Plaintiff's disclosed documents, Plaintiff simply states that he is required to produce the document by Fed.R.Civ.P. Rule 26(a)(1)(B) and it was produced only to counsel for Defendants. Again, there was no mutual agreement with defense counsel that the document could be made public. Defendants have unilaterally chosen to reveal the contents of this letter to the public by placing this in the Court record without the consent of Plaintiff. As stated previously, Plaintiff intended to, and will, file a *Motion in Limine* as it pertains to the settlement negotiation aspect of the letter.

### **DISCUSSION ON DEFENDANTS' DECISION TO NOT OBJECTING TO EXHIBIT I BEING SEALED**

The document has been made part of the record which can be viewed by the publlic. Sealing it now would not remedy the wrong that has been committed. Defendants state: "Defendants were not aware of Plaintiff's position regarding the correspondence…." (Pg. 4 of Defendants' Response). Plaintiff prominently designated the correspondence as "Ray Sample Confidential Resolution Discussions Pursuant to Fed.R.Evid. 408." Furthermore, Plaintiff indicated in the Joint Status Report filed with

- 5 -

the Court on February 25, 2011 that the Plaintiff would be filing *Motions in Limine*. Defendants' argument that it was Plaintiff's responsibility to contact Defendants, before knowing that they were going to file the Motions and what exhibits they were going to use is disingenuous. Again, as stated previously, the Defendants could have simply redacted the settlement discussions in the letter and Plaintiff would have had no objection to the use of the letter. Plaintiff has no objection to the document being sealed, however, Plaintiff will be filing a *Motion in Limine* on this issue prior to trial.

### DISCUSSION ON DEFENDANTS' REQUEST THAT IF THE COURT FINDS THAT EXHIBIT I IS NOT ADMISSIBLE UNDER RULE 408, THAT THE COURT ONLY STRIKE THE EXHIBIT AND NOT THE MOTIONS

Plaintiff has requested that the Motions be struck as a sanction for Defendants' willful violation of Fed.R.Evid.Rule 408. Striking only the exhibit does not sanction the Defendants. Furthermore, if the Court strikes only the exhibit, the references to it throughout Defendants' Motions are not supported by the evidence and the record would be incomplete should either of the parties ever determine that a need exists to file an appeal. Striking Defendants' Motions for their conduct is a harsh sanction, but one that is warranted based upon their own conduct and their continued effort to blame the Plaintiff for their own violation of the rules.

Dated this 5th day of May, 2011.

                                          Respectfully submitted,

                                          THE LAW OFFICES OF
                                           CHARLES W. HEMPHILL

                                          s/ Charles W. Hemphill
                                          Charles W. Hemphill
                                          8441 West Bowles Avenue
                                          Suite #250
                                          Littleton, CO  80123
                                          (303) 933-7886
                                          cwh@hemphilllawfirm.com

## CERTIFICATE OF ELECTRONIC FILING

I HEREBY certify that on this 5th day of May, 2011, the foregoing *PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND REQUEST FOR EXTENSION OF TIME* was electronically filed with the Clerk of the Court using the Court's Electronic Filing System, CM/ECF.  The Electronic Court Filing system will send notification and a copy of the foregoing to the following at the following e-mail address:

Steven J. Dawes, Esq.
Kate L. McDonald, Esq.
Light, Kelly & Dawes, P.C.
sdawes@lkdpc.com
kmcdonald@lkdpc.com                                     s/ Wendy Ashton
                                                                      Wendy Ashton
                                                                      Paralegal to Charles W. Hemphill