**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01452-WJM-KLM

RAY E. SAMPLE,

    Plaintiff,

v.

CITY OF SHERIDAN, a municipality,
ARTHUR J. KRIEGER, City Manager, individually and in his official capacity,

    Defendants.

_____

**ORDER STRIKING EXHIBIT 'I' TO DEFENDANTS' MOTIONS TO DISMISS AND
IN THE ALTERNATIVE MOTIONS FOR SUMMARY JUDGMENT AND
AWARDING ATTORNEY'S FEES TO PLAINTIFF AS SANCTIONS**
_____

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Motions to Dismiss and in the Alternative Motions for Summary Judgment (ECF No. 24) (the "Motion"). Plaintiff seeks to strike Defendants' Summary Judgment Motions in their entirety because Plaintiff alleges that Defendants attached an exhibit to these Motions which is confidential and inadmissible. For the reasons set forth below, the Court ORDERS that: (1) Plaintiff's Confidential Resolution Discussions Letter (the "Letter") (Ex. I, attached to ECF No. 22) is hereby stricken, and (2) as an appropriate sanction for the conduct more fully described below, Plaintiff is awarded his attorney's fees reasonably incurred as a result of having to file his instant Motion to Strike.

## I. BACKGROUND

Plaintiff filed this action on June 21, 2010.  (ECF No. 1.)  Plaintiff brings claims of employment discrimination and related causes of action against Defendants.  (*Id*.)

On April 8, 2011, Defendants filed two Separate Motions to Dismiss and in the Alternative Motions for Summary Judgment ("Summary Judgment Motions").  (ECF Nos. 22, 23.)  Attached to Defendants' Summary Judgment Motions was Plaintiff's confidential negotiations Letter.  (Ex. I, attached to ECF No. 22.)

On April 15, 2011, Plaintiff filed a Motion to Strike Defendants' Motions to Dismiss and in the Alternative Motions for Summary Judgment.  (Motion (ECF No. 24.))  Specifically, Plaintiff argues that Defendants violated Federal Rule of Evidence 408 by attaching the Letter to their Summary Judgement Motions.[1]  Plaintiffs asks the Court to strike Defendants' Summary Judgment Motions in their entirety as a sanction for willful violating Fed. R. Evid. 408.

On April 26, 2011, Defendants filed their Response to Plaintiff's Motion to Strike (Response (ECF No. 25)), and Plaintiff filed his Reply Brief on May 5, 2011 (Reply (ECF No. 26.))  With the permission of the Court, Defendants also submitted a Sur-Reply on May 9, 2011.  (ECF No. 29.)

## II. ANALYSIS

**A.    MOTION TO STRIKE**

Plaintiff argues that Defendants have willingly and knowingly made part of the

---

[1] While Defendants filed separate Summary Judgment Motions, these Motions both incorporate arguments from the other, and the Court treats them as one Summary Judgment Motion for the purposes of this Order.

public record a document which discussed confidential negotiations and is inadmissible under Fed. R. Evid. 408.  (Motion at 1-5.)  Defendants respond that they only cite the Letter to show the date that they were put on notice of Plaintiff's claims, and that Plaintiff waived any claim that the Letter was confidential.  (Response at 1-4.)

Federal Rule of Evidence Rule 408, "Compromise and Offers to Compromise," states:

> (a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> >
> > (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

The "philosophy of [Rule 408] is to allow the parties to drop their guard and to talk freely and loosely without fear that a concession made to advance negotiations will be used at trial." *E.E.O.C. v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1546 (10th Cir. 1991).  "The risks of prejudice and confusion entailed in receiving settlement evidence are such that often . . . the underlying policy of Rule 408 requires exclusion even when a permissible purpose can be discerned." *Id*.  Moreover, "when the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." *Id*. (quoting *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987)).

The Court finds that Defendants violated Fed. R. Evid. 408 when they attached the Letter to their Summary Judgment Motions. Defendants could have simply advised the Court that they were on notice as of March 11, 2009 concerning Plaintiff's discrimination claims or redacted the settlement negotiation part of the Letter, but they elected not to do so. Rather, Defendants, gratuitously and in bad faith, chose to violate Fed. R. Evid. Rule 408 by publically filing a document which reflected in considerable detail the parties' confidential settlement negotiations.

Defendants' argument that Plaintiff waived any claim of confidentiality to the Letter is without merit. The Letter was clearly labeled "Ray Sample Confidential Resolution Discussions Pursuant to Fed. R. Evid. 408," and included a specific monetary settlement offer and non-monetary provisions. While Plaintiff may have produced the Letter to Defendants during discovery, and used it in prior non-public appeals hearings (Response at 3-4), such disclosures do not waive a party's right to confidentiality. *See* Fed. R. Evid. 408(a); *Lamar Advertising of S.D., Inc. v. Kay*, 267 F.R.D. 568, 583 (D.S.D. 2010) (plaintiff does not waive privilege or confidentiality as to settlement documents "absent indication that the documents had already been disclosed to defendant or another third party in a manner that is inconsistent with plaintiffs' claims that the communications are privileged."). The parties had no mutual agreement that the Letter could be made public. (Reply at 5.) As such, Defendants willfully and in bad faith violated Fed. R. Evid. 408 when they disclosed a document that was clearly marked confidential and contained a detailed description of private settlement negotiations.

Accordingly, the Court ORDERS that Plaintiff's Confidential Resolution Discussions Letter (Ex. I, attached to ECF No. 22) be stricken.

**B.     APPROPRIATE SANCTIONS**

In light of the Court's finding above, the Court finds that the interests of justice would not be served by striking Defendants' Summary Judgment Motions in their entirety. Instead, the Court finds that the appropriate sanction in the circumstances of this case is to award to Plaintiff his attorney's fees reasonably incurred as a result of the necessity of having to file the instant Motion to Strike, to be paid by Defendants' counsel and not Defendants.

Accordingly, Defendants' counsel, Light, Kelly & Dawes, P.C., is ORDERED to pay to Plaintiff the attorney's fees reasonably incurred by Plaintiff in connection with filing his Motion to Strike and in preparing the subsequent submission on time and hourly rate in compliance with this Order. On or before April 13, 2012, Plaintiff is DIRECTED to file a description and summary of his attorney's time expended on the Motion to Strike briefing and the subsequent submission, as well as his attorney's current customary hourly rate. Defendants are DIRECTED to file any response to Plaintiff's attorney's fees submission on or before April 18, 2012, limited solely to their position on the reasonableness of the time expended and the hourly rate set forth in Plaintiff's submission. No reply submission from Plaintiff will be permitted.

### III.  CONCLUSION

In accordance with the foregoing, it is therefore ORDERED as follows:

1. Plaintiff's Confidential Resolution Discussions Letter (Ex. I, attached to ECF No. 22) is hereby STRICKEN, and the Clerk of the Court shall SEAL said document by placing a Restriction Level 1 on it; and

2. Sanctions are AWARDED to Plaintiff in the form of payment by Defendants' counsel to Plaintiff of the attorney's fees reasonably incurred by Plaintiff in connection with the filing of his Motion to Strike, in conformity with the provisions of this Order.

Dated this 6th day of April, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge